IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KAYLYN nmn ZIEG, | ) | Case No. 09-60215 |
| | ) | |
| Debtor. | ) | |

ORDER GRANTING, IN PART, AND DENYING, IN PART,
MOTION TO AVOID LIEN OF AMERICAN
GENERAL FINANCIAL SERVICES, INC.

Debtor Kaylyn Zieg seeks to have American General Financial Services, Inc.'s
lien avoided on certain personal property she pledged as collateral on a loan from
American General.  This is a core proceeding under 28 U.S.C. § 157(b)(2) over which
the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1).
For the reasons that follow, the lien will be avoided as to one DVD player, the 27"
JVC television, the Lawnboy w/ bagger, the Craftsman lawnmower, and the industrial
weedeater, and the motion to avoid lien will be denied in all other respects.

The evidence was not altogether clear as to the history between the Debtor and
American General, but it would appear that the Debtor initially took out a loan, for an
unknown amount,[1] with American General in approximately 2006.  At the time, she
pledged the following items as collateral:

---

[1]  Except for the Personal Property Appraisal Form, the loan documents from the 2006
loan were not introduced into evidence.  The Debtor testified that she could not recall how much
that loan was for, but thought it was approximately $2,000 to $2,500.

Sony DVD recorder
1 DVD player
27" JVC television
27" Sony television
Lawnboy w/ bagger
Craftsman lawnmower
Industrial weedeater
Digital web cam

She then "renewed" the note at least once by paying off the previous note and entering into a new loan agreement. The final such renewal was evidenced by a Loan Agreement and Disclosure Statement dated August 18, 2008, in the amount of $3,435.18 with an interest rate of 35.78%. As collateral for the most recent loan, the Debtor pledged the same items listed above, plus a 65" Sanyo big screen television. Despite having made monthly payments on the loan, the Debtor apparently still owes American General $3,599, based on a reaffirmation agreement proposed to the Debtor by American General.

The Debtor filed a Chapter 7 bankruptcy petition on February 7, 2009. As relevant here, she lists on her schedules, under the category for household goods and furnishings, two televisions, a DVD player, a Lawnboy with bagger, a lawnmower, and a broken weedeater. She claims these items exempt under § 513.430.1(1) of the Missouri Statutes, and no one has objected to her exemptions. She seeks to have American General's lien avoided as impairing the exemptions.

Section 522(f) of the Bankruptcy Code provides:

2

(f)(1)   Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been titled under subsection (b) of this section, if such lien is –

* * *

(B)   a nonpossessory, nonpurchase-money security interest in any–

(i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(iii) professionally prescribed health aids for the debtor or a dependent of the debtor.[2]

The Debtor essentially makes two arguments as to why American General's lien should be avoided as to all of the items identified as collateral for the loan.

First, the Debtor's uncontroverted testimony was that she never owned the 65" Sanyo big screen television, the Sony 27" television, one of the DVD players, and the web cam.  Consequently, the Debtor has (correctly) not listed these items as personal property on her schedules, nor has she claimed an exemption in them – a debtor

---

[2]  11 U.S.C. § 522(f)(1).

3

cannot claim an exemption in property that she does not own. Thus, no exemption is "impaired" by any purported lien. Similarly, if she never owned the items, there can be no lien against them in the first place. Nevertheless, the Debtor seeks to have American General's purported lien against them "avoided," essentially because American General continues to seek a reaffirmation or surrender of the collateral. In sum, however, despite the difficult situation that may put the Debtor in, I have no authority to avoid a lien as impairing an exemption that does not exist. If American General continues to seek to enforce its purported lien on those items pursuant to state law, the nonexistence of such collateral should be raised in the state court.

As to the 27" JVC television, the DVD player which the Debtor says she does own, the Lawnboy with bagger, the Craftsman lawnmower, and the industrial weedeater, the Debtor asserts that those items constitute "household goods" within the meaning of § 522(f)(2). Prior to the enactment of BAPCPA, the Bankruptcy Code did not define "household goods" for purposes of lien avoidance under § 522(b)(1)(B),[3] and courts often gave that term broad meaning.[4]

---

[3] *See* 4 Collier on Bankruptcy ¶ 522.11[6][d].

[4] *See, e.g., In re Thompson*, 750 F.2d 628 (8th Cir. 1984) (holding that "personal goods necessary to the debtor's new beginning and of little resale value fit the federal bankruptcy philosophy embodied in [§] 522(f)(2)."); *In re Ray*, 83 B.R. 670, 673 (Bankr. E.D. Mo. 1988) (defining "household goods" to include personal property found in a debtor's residence and necessary to the functioning of a household or normally used by and found in the residence of a debtor, including items which, while not being luxuries, are convenient or useful to a reasonable existence; holding that lawn equipment falls squarely in that definition); 4 Collier on Bankruptcy

4

However, as part of BAPCPA, Congress added § 522(b)(4) to narrow the definition of "household goods" for lien avoidance purposes.  That section provides, in relevant part:

> (4)(A)  Subject to subparagraph (B), for purposes of paragraph (1)(B), the term "household goods" means –
>
>> (i) clothing;
>> (ii) furniture;
>> (iii) appliances;
>> (iv) 1 radio;
>> (v) 1 television;
>> (vi) 1 VCR;
>> (vii) linens;
>> (viii) china;
>> (ix) crockery;
>> (x) kitchenware;
>> (xi) educational materials and educational equipment primarily for the use of minor dependent children of the debtor;
>> (xii) medical equipment and supplies;
>> (xiii) furniture exclusively for the use of minor children, or elderly or disabled dependents of the debtor;
>> (xiv) personal effects (including the toys and hobby equipment of minor dependent children and wedding rings of the debtor and the dependents of the debtor; and
>> (xv) 1 personal computer and related equipment.
>
> (B) The term "household goods" does not include –
>
> * * *
>
>> (ii) electronic entertainment equipment with a fair market value of more than $550 in the aggregate (except 1 television, 1 radio, and

---

¶ 522.11[6][d] ("Courts generally had adopted a broad definition of household goods . . . .").

1VCR) . . . .[5]

Under this provision, the Debtor may plainly avoid the lien on one television, which would be the 27" JVC television she says she has.  And, although the statute refers to a VCR, and not a DVD player, I recognize that technology has changed since BAPCPA was drafted, and agree with those commentators who have suggested that the reference to a VCR can reasonably be interpreted to include a DVD player.[6]

On the other hand, this list does not specifically include lawn equipment such as the Lawnboy with bagger, the Craftsman lawnmower, and the industrial weedeater.  I find, however, that these items are "appliances" under § 522(f)(4)(A)(iii).  The term "appliance" is not defined in the Code.  That term is generally defined as "a device or piece of equipment used for a specific task, esp. a machine for domestic use."[7]  Although a lawn mower and weedeater may not come immediately to mind when thinking about an "appliance" in the way that a stove or refrigerator does, they

---

[5]  11 U.S.C. § 522(f)(4).

[6]  *See, e.g.,* 4 Collier on Bankruptcy ¶ 522.11[6][d] ("[T]he definition refers to a VCR even though many debtors had replaced this item with a DVD player by the time the definition was enacted in 2005.  Given the impracticality of an exclusive list of items in a statutory provision that will inevitably become obsolete if not amended, courts may feel compelled to expand the list to include reasonable substitutes for the listed items.").

[7]  *The Illustrated Oxford English Dictionary* 47 (1988); *see also Webster's New World Dictionary of the American Language* 67 (2d coll. ed 1980) (defining "appliance" as "a device or machine for performing a specific task, esp. one that is worked mechanically or by electricity (stoves, irons, etc. are household appliances).").

certainly fit within the general definition of the term, and at least two courts have similarly held.[8]  And, there was no evidence to suggest that the Debtor uses these items is for anything other than domestic purposes, even though the weedeater is described as being "industrial."  As "machines for domestic use," the mowers and weedeater are appliances, and thus "household goods" under § 522(f)(4)(A).

ACCORDINGLY, the Debtor's Motion to Avoid Lien is GRANTED as to one DVD player, the 27" JVC television, the Lawnboy w/ bagger, the Craftsman lawnmower, and the industrial weedeater, and DENIED in all other respects.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: 5/7/2009

Attorney for Debtor to serve parties not receiving electronic notice

---

[8] *See In re Wilford*, 105 B.R. 992, 1002 (Bankr. N.D. Okla. 1989) (holding that "[a] lawn mower seems to fit reasonably well within the common meaning of [the terms "household good" and "appliances"] – it is a large 'appliance' but not all that different from, e.g., a vacuum cleaner."); *In re Irwin*, 232 B.R. 151, 153-54 (Bankr. D. Minn. 1999) (holding that, although a close call, a lawnmower was an "appliance" under the common use of that word and, therefore, exempt under as a "household appliance" under Minnesota law).